REFUS VASKUS v. THE STATE.

No. 14564.  Delivered December 16, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*Morrow & Clarke,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purpose of sale; punishment, one year in the penitentiary.

In appellant's brief two propositions are stressed.  One of these is that the trial court erred in refusing to grant appellant's application for a continuance based on the absence of an attorney who lived in Fort Worth, said in the application to be ill and unable to attend court at the time of the trial.  The other proposition briefed is the supposed error of the court in admitting the testimony of a witness who said that about the time of the alleged offense herein he bought whisky from a Mexican, describing the place where he bought it.

Regarding the overruling of appellant's application for a continuance,

complaint of which appears in bill of exception No. 1, we note in the qualification to said bill that the indictment against appellant was returned on January 27, 1931, and that this case was set for trial on March 30, 1931, and that when said case was reached and called for trial neither appellant nor his attorneys appeared, and the bond of appellant was forfeited, and judgment nisi entered. That thereafter appellant was arrested and placed in jail, and that on April 9, 1931, the case was again called for trial, and that Hon. Frank L. Bender, an attorney, appeared for appellant and filed the motion for a continuance, signing appellant's name thereto, and making affidavit thereto himself. In this application it is stated upon information, that the attorney originally employed by appellant was in such physical condition at the time, and had been for two weeks or more, that he was unable to conduct appellant's defense. We must determine this matter from the standpoint of the trial court in the first instance. There was no certificate of any physician attached to or made a part of the application for continuance, nor does the attorney for appellant who made the application swear that he knew anything personally relative to the alleged illness of the attorney living in Fort Worth and claimed in the application to be the attorney originally employed. The application is in this condition, notwithstanding it is further stated therein that the attorney making the application was an associate of the attorney in Fort Worth. We deem it proper to further state that appellant's motion for new trial is in nowise supported by the affidavit of the absent attorney certifying to his illness, or the certificate of any doctor attesting the same fact. We think the trial judge within his discretion in refusing to grant the continuance in the first instance, and in declining to give a new trial when the motion was presented. We might further observe that neither the facts in this case, nor the law applicable, present any such question as call for extended study or any great knowledge of the law, nor does the matter of the presentation of the case appeal to us as having been poorly conducted or presented.

Reverting to the question of the admission of the testimony complained of in the second bill of exception, we observe that the officers who searched appellant's place on January 24, 1931, testified that they found several gallons of whisky and a quantity of beer. One bottle of whisky was found in a coat pocket in the house, and two bottles in a shed room, and two gallons were found in the front yard in a hole covered by a plank upon which cross ties from a railroad had been placed. Thirty-six bottles of home brew were found in or around the curbing of a well in the yard.

Appellant defended on the proposition that he had found the whisky and other liquor and had taken some to his home for use as medicine. He and his wife testified substantially to such defensive facts. Appellant introduced Mr. Holloway who testified that he lived about two and one-

half miles east of Covington, a town in Hill county, and that appellant lived on his farm. The officer who searched appellant's place testified that he lived in a small house about two miles from Bois D'Arc school house, a little bit west of north. It was also in testimony that appellant did not speak English. He testified through an interpreter. The testimony objected to was that of witness Cowan who said that he lived in Itasca, and was living there on or about the 24th of January, 1931, and that on Friday along somewhere near the 24th of January and prior thereto he bought some whisky from a Mexican who lived two or three miles north of the Bois D'Arc school house and near Covington, and the way he understood the name of the Mexican was that he was known as Rukus. This witness said he would not be positive appellant was the man from whom he bought the whisky as his purchase was at night, but that the man from whom he bought it did not understand much English. The testimony was material as rebutting the appellant's claim that he was keeping this whisky for medicine. The inability of the witness to positively identify appellant would not suffice to make the testimony inadmissible. The size of the house where the whisky was bought as being a small house, the proximity of the house both to Covington and to the Bois D'Arc school house as well as its direction from said school house, and that witness bought the whisky from a Mexican who could not speak English, and whose name had similarity to that of appellant, were all cogent facts and show with reasonable certainty that appellant made the sale. We do not find ourselves in agreement with learned counsel who insists that the testimony was inadmissible.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing upon the failure of this court to sustain his complaint at the action of the trial court in declining to postpone or continue the case. We have again examined the bill bringing the question forward for review. Our view of the matter as expressed in the original opinion seems correct.

The motion for rehearing is overruled.

*Overruled.*